UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALI RIZVI,<br><br>    Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA LLC,<br><br>    Defendant. | Case No.  5:20-cv-00229-EJD<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION; STAYING ACTION**<br><br>Re: Dkt. No. 10 |

Defendant BMW of North America ("BMW NA") moves for an order compelling Plaintiff Ali Rizvi ("Rizvi") to arbitrate his claims and for a stay of all proceedings. The Court finds it appropriate to take this matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the motion to compel arbitration will be granted.

**I.     BACKGROUND**

In September of 2018, non-party Muhammad Mohsin ("Mohsin") entered into a lease agreement with non-party BMW of Mountain View, California ("BMW of Mountain View") to lease a new 2019 BMW 440i Coupe ("Vehicle"). Req. For Judicial Notice ("RJN") Ex. A. In the Lease Agreement, Mohsin is identified as the "Lessee" and BMW of Mountain View is identified as the Lessor. *Id*. ¶ 1. The Lease Agreement refers to the Lessee using the words "I," "me" and "my." *Id*. ¶ 2. The Lease Agreement uses the words "you" and "your" to refer to the Lessor or

Case No.: 5:20-cv-00229-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
1

Lessor's assignee, Financial Services Vehicle Trust ("FSVT"). *Id*. The Vehicle is accompanied by an express warranty provided by BMW NA. *Id*. ¶ 16.

The Lease Agreement includes an arbitration provision which provides in pertinent part as follows:

> **NOTICE**: Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. . . . [¶]
>
> **"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, *between me and you or your employees, officers, directors, affiliates, successors or assigns*, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application*, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease)*. Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action.

*Id*. ¶ 38 (emphasis added). The arbitration provision also specifies that the arbitration "shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ('FAA') and not by any state law concerning arbitration." *Id*.

In June of 2019, Rizvi and Ratan Films assumed the obligations of the Lease Agreement and became the lessee under the Lease Agreement. RJN Ex B. The Lease Transfer Agreement identifies Mohsin as the "Transferor (Original Lessee)," Rizvi as the personal guarantor of the "Transferee (New Lessee)," and Ratan Films as the "Transferee (New Lessee)"). *Id*. at 1. The Lease Transfer Agreement provides that the Transferee "accepts all the rights, interest and obligations of the Transferor as set forth in the Lease." *Id*. at 2.

In November of 2019, Rizvi commenced this action in state court alleging that the Vehicle is defective. In December of 2019, Rizvi filed a First Amended Complaint ("FAC"). Rizvi alleges that Mohsin transferred the Vehicle and lease to him; that the Vehicle had fuel pump and noise issues; and that BMW NA "refused and/or failed to remedy, fix, or remediate" the issues. FAC ¶¶ 17- 26. Rizvi asserts claims for (1) breach of the express warranty in violation of the Song-Beverly Consumer Warranty Act; (2) breach of the implied warranty of merchantability in

Case No.: 5:20-cv-00229-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
2

violation of the Song-Beverly Consumer Warranty Act; and (3) violation of California Business and Professions Code section 17200.[1]  Rizvi seeks, inter alia, rescission of the Lease Agreement, damages, restitution, civil penalties, attorneys' fees and costs and prejudgment interest.  *Id*. at 11. In January of 2020, BMW NA removed the action to this Court.

## II.   LEGAL STANDARDS

Under the FAA, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract."  9 U.S.C. § 2 (2012).  "[A]rbitration agreements [are] on an equal footing with other contracts," and therefore courts are required to enforce arbitration agreements according to their terms.  *Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 67 (2010).

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). A district court's role is limited to determining two "gateway" issues:  (1) whether the parties agreed to arbitrate and, if so, (2) whether the claims at issue are within the scope of that agreement.  *See Brennan v. Opus Bank*, 796 F.3d. 1125, 1130 (9th Cir. 2015).  If the party seeking arbitration meets these two requirements, the court must compel arbitration.  9 U.S.C. § 4; *Chiron*, 207 F.3d at 1130.  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983).

## III.   DISCUSSION

### A.   Request For Judicial Notice

As a preliminary matter, BMW NA's request for judicial notice of the Lease Agreement and the Lease Transfer Agreement is granted, notwithstanding Rizvi's objections.  Federal Rule of

---

[1] Sonic Automotive Components, Inc. d/b/a Stevens Creek BMW was initially named as a defendant in this matter but was later dismissed without prejudice.

Case No.: 5:20-cv-00229-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
3

Evidence 201 authorizes a court to take judicial notice of "a fact that is not subject to reasonable dispute because . . . it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Rizvi contends that the two Agreements are not subject to judicial notice because (1) they have not been authenticated and (2) the terms of payment stated in each of the Agreements "do not match." Pl.'s Opp'n at 3 (Dkt. No. 20). Rizvi's arguments are frivolous. BMW NA obtained the Lease Agreement and Lease Transfer Agreement directly from Rizvi's counsel. Specifically, attorney Bobby Walker of the Law Offices of Jon Jacobs sent an email to BMW NA's counsel, Mark Allen, that included copies of the Lease Agreement and the Lease Transfer Agreement. *See* Decl. of Mark W. Allen ¶ 3, Ex. A ("Attached is the original lease agreement, lease transfer agreement . . .").[2] Furthermore, the payment terms stated in the two Agreements are consistent. The Lease Transfer Agreement reflects original payment terms of $990.59 over 36 months (*see* RJN, Dkt. No. 11 at 13) and the Lease Agreement provides that the base monthly payment before the sales/use tax is also $990.59. (*See id*. at 6).

### B.     The Arbitration Provision Applies To The Parties

Rizvi next contends that there is not a "shred of evidence that BMW NA and plaintiff agreed to arbitrate." Pl.'s Opp'n at 3. The argument is unpersuasive. Although Rizvi did not sign the Lease Agreement, he assumed the rights and obligations of the Lease Agreement when he entered into the Lease Transfer Agreement. RJN Ex B at 2 (Transferee "accepts all the rights, interest and obligations of the Transferor as set forth in the Lease."). Further, although BMW NA is not a signatory to the Lease Agreement, BMW NA may enforce the arbitration provision. The arbitration provision applies to claims between "me" and "you or your . . . affiliates." RJN Ex. A, ¶ 38. "You" refers to the Lessor, BMW of Mountain View, and the Lessor's "assignee," FSVT. RJN Ex. A, ¶ 2. BMW NA is an affiliate of assignee FSVT. Decl. of Tyler Weight ¶¶ 2-3. Therefore, BMW NA is a third party beneficiary of the arbitration provision with a right to compel

---

[2] BMW NA has also submitted the declaration of the General Manager of BMW of Mountain View, PJ Roshan, to authenticate the two Agreements. *See* Dkt. No. 22-2.

Case No.: 5:20-cv-00229-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
4

arbitration. *See Fikham v. BMW of North America LLC,* No. 19-03963 VAP, 2019 WL 6721626, at *2 (C.D. Cal., Oct. 15, 2019). In *Fikham*, BMW NA sought to enforce an arbitration provision similar to the one in this case. The arbitration provision in *Fikham* defined "claim" as follows:

> "Claim" broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, *affiliates*, successors or assigns, or between me and any third parties if I assert a Claim against such parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle (including any such relationship with third parties who do not sign this Lease).

*Id*. (emphasis added). The dealer in *Fikham* assigned its right, title and interest in the vehicle and the lease to BMW Financial Services NA, LLC, an entity managed by BMW NA. The *Fikham* court determined that BMW NA was an "affiliate" of BMW Financial Services with standing to enforce the arbitration provision as a third party beneficiary. *Id*. at *3. The same reasoning applies here. BMW NA, as an affiliate of assignee FSVT, is entitled to enforce the arbitration provision. *Id*.; s*ee also Katz v. BMW of North America, LLC*, No. 19-01553 KAW, 2019 WL 4451014 (N.D. Cal., Sep. 17, 2019) (granting motion to compel arbitration on the basis that BMW NA is a third-party beneficiary); *Reykhel v. BMW of North America, LLC*, No. 19-01900-SK (N.D. Cal. Aug. 12, 2019) (granting motion to compel arbitration on the basis that BMW NA is a third-party beneficiary); *Chavez v. Bank of America*, No. 10-653 JCS, 2011 WL 4712204, at *6 (N.D. Cal. Oct. 7, 2011) (holding that plaintiff may enforce arbitration provision against a nonparty because nonparty was an intended third party beneficiary of the agreement).

Rizvi's reliance on *Jurosky v. BMW of North America, LLC*, No. 19-706 JM, 2020 WL 1024899 (S.D. Cal. Feb. 27, 2020) and *Vincent v. BMW of North America*, *LLC*, No. 19-6439 AS, 2019 WL 8013093 (C.D. Cal. Nov. 26, 2019) is misplaced because the arbitration provision in those cases is materially distinguishable from the one in the instant action. The arbitration provision in *Jurosky* and *Vincent* reads as follows:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or

Case No.: 5:20-cv-00229-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
5

> our employees, agents, successors or assigns, which arises out of or relates to .... purchase or condition of this vehicle, the contact [sic] or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Jurosky*, 2020 WL 1024899, at *2; *see also Vincent*, 2020 WL 8013093, at * 2. Significantly, the arbitration provision in *Jurosky* and *Vincent* does not include within its scope "affiliates" of the signatory dealer, whereas the arbitration provision in this case does. The inclusion of "affiliates" means that the arbitration provision in this case is broader than the one in *Jurosky* and *Vincent* such that BMW NA may enforce the provision against Rizvi.[3]

### C. Rizvi's Claims Are Subject To Arbitration

Lastly, Rizvi contends that the arbitration provision does not apply because his claims have nothing to do with the terms of the Lease Agreement and instead are based upon BMW NA's alleged breach of warranty. Relatedly, Rizvi argues that BMW NA is conflating two contract (the Lease Agreement and the warranty) and that BMW NA cannot rely on the Lease Agreement to compel arbitration of his warranty-related claims. The arguments are unpersuasive. The arbitration provision in this case is broad, encompassing "[a]ny claim or dispute" arising out of or relating to the "lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease)." RJN, Ex. A. at 6. Rizvi's claims are all predicated upon an allegedly defective fuel pump and a noise emanating from the dash area of the Vehicle, and BMW NA's failure to repair these alleged problems FAC. ¶¶ 20-22, 30, 41, 44, 50, 52-54. Thus, all of Rizvi's claims arise out of or relate to the "condition" of the Vehicle and fall within the arbitration provision.

## IV. CONCLUSION

For the reasons set forth above, BMW NA's motion to compel arbitration is GRANTED. This action is stayed pending completion of the arbitration. The Clerk shall administratively close

---

[3] Because BMW NA may compel arbitration as a third party beneficiary, the Court finds it unnecessary to address BMW NA's alternative argument that the doctrine of equitable estoppel warrants arbitration of Rizvi's claims.

Case No.: 5:20-cv-00229-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
6

the file.

**IT IS SO ORDERED.**

Dated: June 4, 2020

							EDWARD J. DAVILA
							United States District Judge